## ANDERSON v CITY CAB CO.

Ohio Appeals, 9th Dist, Summit Co

No 3160. Decided Dec 29, 1939

Gottwald, Breiding & Hershey, Akron, for appellant.

H. A. Waltz, Akron, and James Olds, Akron, for appellee.

### OPINION

By STEVENS, J.

The action in the trial court was one for the recovery of damages for personal injuries alleged to have been sustained by plaintiff while riding as a passenger for hire in a taxicab owned and operated by the defendant company through its agent and servant acting within the scope of his authority. Trial to a jury resulted in the return of a

general verdict for defendant, upon which judgment was thereafter entered.

Appeal on questions of law brings the matter before this court.

The following are the assignments of error urged by plaintiff (appellant):

1. Error in admission of evidence offered by defendant.

2. Error in the special charges given before argument, and in the general charge of the court.

3. That the verdict and judgment are manifestly against the weight of the evidence.

The first assignment of error has to do with the admission of certain evidence offered by defendant (appellee) dealing with statements of opinion made by plaintiff to agents of defendant some time after the occurrence in question. In those statements it was asserted that plaintiff had said the driver of the cab was not negligent. That conversation was admitted by the trial court as being part of the res gestae.

The reason assigned by the court was palpably erroneous, because said statements did not contain the element of spontaneity necessary to make them properly admissible as part of the res gestae, and they were so far removed in point of time as to make them nothing more than the narration by plaintiff of a past event.

It is the opinion of this court, however, that said statements were properly admissible as declarations of plaintiff against her own interest.

**Freas v Sullivan, 130 Oh St 486.**
**Hughes v Henselman, 44 Oh Ap 516.**

The admission of the evidence in question, even though for an erroneous reason, did not, in our opinion, constitute prejudicial error.

The special request of appellee concerning which appellant complains, was as follows:

"1. The court says to you, as a matter of law, that the defendant in this case was not an insurer of the safety of its passengers and that it is liable to the plaintiff only if her injuries were a direct and proximate result of some failure on its part to exercise that degree of care for her safety which the law required under the particular circumstances."

While the request as couched did not in itself define the degree of care which defendant, a common carrier, was required to exercise, yet when considered in connection with the charge as a whole, which did fully define said degree of care, we do not conclude that prejudicial error intervened in the giving of said special charge.

Likewise, the complaint concerning the general charge, when considered in the light of the entire charge, convinces this court that no error of reversible character intervened.

It is further urged that the trial court erred in refusing plaintiff's oral request to charge that the burden of proving that plaintiff's injuries were the sole result of the negligence of the third party, Johnson, was upon the defendant.

The case of **Montaneri v Haworth, 108 Oh St 8,** effectively disposes of that contention in the following words:

"1. In an action for damages claimed to have been caused by the negligent act of the defendant, his answer, which, in addition to a general denial, contained an averment that whatever injuries plaintiff sustained were caused by the negligence of a third party therein named, does not state an affirmative defense, and an instruction of the court which places upon the defendant the burden of proving the negligence of such third party, and that such negligence was the proximate cause of plaintiff's injury, is erroneous and prejudicial to the defendant."

It is the law of Ohio that the burden of proof rests upon plaintiff to

prove the negligence of defendant in order to accomplish a recovery.

We are unable to conclude that the verdict of the jury was manifestly against the weight of the evidence.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.